# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WIRELESS DISCOVERY LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 6:20-cv-762 |
| BUMBLE TRADING INC., BUMBLE HOLDING, LTD, BADOO TRADING LTD., MAGIC LAB CO., WORLDWIDE VISION LIMITED, BADOO LIMITED, BADOO SOFTWARE LIMITED, BADOO TECHNOLOGIES LIMITED, CHAPPY LIMITED, and LUMEN APP LIMITED, | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Bumble Trading Inc.,[1] Bumble Holding, Ltd., Badoo Trading Ltd., Worldwide Vision Limited,[2] Badoo Limited, Badoo Software Limited, Badoo Technologies Limited, Chappy Limited, and Lumen App Limited ("Defendants") respectfully submit this Answer in response to Plaintiff's Wireless Discovery LLC ("Plaintiff" or "Wireless Discovery") Complaint, filed on August 21, 2020.[3]  Defendants specifically deny all allegations not expressly admitted below.

---

[1] In January 2020, Bumble Trading Inc. converted to Bumble Trading, LLC.  Defendants intend to move the Court to modify the case caption accordingly.

[2] Worldwide Vision Limited was merged into Buzz Finco LLC, over which Defendants contend the Court lacks personal jurisdiction.  Accordingly, Wireless Discovery has committed to file an amended complaint, dismissing allegations against Worldwide Vision Limited.

[3] Defendants state that Defendant Magic Lab Co. is not and has never been an existing legal entity, has not been served with process, and Magic Lab Co. is therefore not a party to this Answer. Accordingly, Wireless Discovery has committed to file an amended complaint, dismissing allegations against Magic Lab. Co.

I.      **THE PARTIES**

1.      Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 1 of the Complaint and, therefore, deny those allegations.

2.      Defendants admit that Bumble Trading, LLC, formerly known as Bumble Trading Inc., is an entity organized under the laws of Delaware with its principal place of business located at 1105 W. 41st St., Austin, TX 78756.

3.      Defendants admit Bumble Holding, Ltd. is a corporation existing under the laws of the United Kingdom with a principal place of business in London, United Kingdom.

4.      Defendants admit Badoo Trading Limited is a corporation organized under the laws of the United Kingdom with a registered office at the Broadgate Tower, Third Floor, 20 Primrose Street, London EC2A 2RS United Kingdom.  Defendants deny the remaining allegations of Paragraph 4 of the Complaint.

5.      Defendants deny the allegations of paragraph 5.  Defendants state that no legal entity known as "Magic Lab Company" is or was owned or operated by any Defendant or otherwise is known to Defendants.

6.      Defendants admit that Worldwide Vision Limited was a corporation organized under the laws of the Bermuda with company number 40781, with a registered office at H.P. House, 21 Laffan Street, Hamilton, HM09, Bermuda (WVL).  Worldwide Vision Limited has merged into Buzz Finco LLC, a Delaware entity.  Defendants deny the remaining allegations of Paragraph 6 of the Complaint.

7.      Defendants admit that Badoo Limited is a corporation organized under the laws of the United Kingdom with a registered office at the Broadgate Tower, Third Floor, 20 Primrose Street, London EC2A 2RS United Kingdom.  Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8.      Defendants admit that Badoo Software Limited is a corporation with a principal place of business in Malta.  Defendants deny the remaining allegations of Paragraph 8 of the Complaint.

9.      Defendants admit that Badoo Technologies Limited is a Cyprus company with a registered office at 332 Agiou Andreou Str., Patrician Chambers 3035 Limassol, Cyprus and United Kingdom tax residency.  Defendants deny the remaining allegations of Paragraph 9 of the Complaint.

10.      Defendants deny the allegations of Paragraph 10.  Chappy Limited is a corporation existing under the laws of the United Kingdom, with a registered office at the Broadgate Tower, Third Floor, 20 Primrose Street, London, United Kingdom, EC2A 2RS.

11.      Defendants admit that Lumen App Ltd. is a corporation existing under the laws of the United Kingdom with a principal place of business at Broadgate Tower Third Floor, 20 Primrose St., London, United Kingdom, EC2A 2RS.  Defendants deny the remaining allegations of Paragraph 11 of the Complaint.

## II.   JURISDICTION

12.      Defendants admit the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271.  Defendants admit that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  Defendants deny that Wireless Discovery is entitled to any relief for its allegations of patent infringement, whether by award of damages, injunction, or otherwise.  Defendants deny any allegations of infringement.

13.      Bumble Trading LLC does not contest, solely for the purpose of the present action, that this District has personal jurisdiction over it.  Defendants deny the remaining allegations of Paragraph 13 of the Complaint.

14.     Buzz Finco LLC (f/k/a Worldwide Vision Ltd.), Badoo Trading Limited, Badoo Limited, Badoo Software Limited, Badoo Technologies Limited, and Lumen App. Ltd. deny that this District has personal jurisdiction over them.  Defendants further deny Magic Lab Co. is a legal entity of which any Defendant is aware and thus further deny that Magic Lab Co. is a proper party to the suit.  Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15.     Wireless Discovery's venue allegation calls for a legal conclusion and therefore no answer is required.  Defendants do not contest, solely for the purpose of the present action, that venue lies in this District with respect to Bumble Trading LLC, Chappy Limited, and Bumble Holding, Ltd.  Defendants do contest that the Waco Division of this District is the most appropriate forum, as venue in the Austin Division is clearly more convenient.  Defendants deny the remaining allegations of Paragraph 15 of the Complaint.

16.     Defendants do not contest, solely for the purpose of the present action, that venue lies in this District as to Badoo Trading Limited, Badoo Limited, Badoo Software Limited, Badoo Technologies Limited, and Lumen App Ltd.  Defendants do contest that the Waco Division of this District is the most appropriate forum, as venue in the Austin Division is clearly more convenient.  Defendants deny the remaining allegations of Paragraph 16 of the Complaint.

III.    **FACTUAL BACKGROUND**

17.     Defendants admit the Complaint purports to set forth an action asserting infringement of U.S. Patent Nos. 8,914,024; 9,264,875; 10,321,267; and 10,334,397 (collectively, the "Asserted Patents").  Defendants deny that the Complaint purports to assert infringement of U.S. Patent No. 9,357,352, and Wireless Discovery has committed to file an amended complaint dismissing any allegations related to that patent.  Defendants deny the remaining allegations of Paragraph 17 of the Complaint.

4

**IV.    ALLEGED INFRINGEMENT BY THE BUMBLE APP**

    **A.    ALLEGED INFRINGEMENT OF THE '024 PATENT**

18.    Defendants admit Wireless Discovery attaches to its Complaint a copy of a document that appears to be U.S. Patent No. 8,914,024 ("the '024 patent).  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18, and therefore deny them.

19.    Defendants admit the Abstract of the '024 patent attached to the Complaint recites the quoted language.

20.    To the extent Paragraph 20 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 20 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

21.    To the extent Paragraph 21 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that Bumble Trading LLC markets the Bumble app in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.    To the extent Paragraph 22 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 22 of the Complaint.

23.    To the extent Paragraph 23 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     To the extent Paragraph 24 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     To the extent Paragraph 25 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     To the extent Paragraph 26 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27.     To the extent Paragraph 27 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     To the extent Paragraph 28 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     To the extent Paragraph 29 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     To the extent Paragraph 30 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 30 of the Complaint.

**B.     ALLEGED INFRINGEMENT OF THE '875 PATENT**

31.     Defendants admit Wireless Discovery attaches to its Complaint a copy of a document that appears to be U.S. Patent No. 9,264,875 ("the '875 patent").  Defendants lack

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and therefore deny them.

32.     Defendants admit the Abstract of the '875 patent attached to the Complaint recites the quoted language.

33.     To the extent Paragraph 33 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 33 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

34.     To the extent Paragraph 34 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that Bumble Trading LLC markets the Bumble app in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35.     To the extent Paragraph 35 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     To the extent Paragraph 36 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     To the extent Paragraph 37 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     To the extent Paragraph 38 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     To the extent Paragraph 39 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.     To the extent Paragraph 40 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     To the extent Paragraph 41 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     To the extent Paragraph 42 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     To the extent Paragraph 43 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 43 of the Complaint.

### C.     ALLEGED INFRINGEMENT OF THE '267 PATENT

44.     Defendants admit Wireless Discovery attaches to its Complaint a copy of a document that appears to be U.S. Patent No. 10,321,267 ("the '267 patent").  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44, and therefore deny them.

45.     Defendants admit the Abstract of the '267 patent attached to the Complaint recites the quoted language.

46.     To the extent Paragraph 46 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 46 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

47.     To the extent Paragraph 47 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that Bumble Trading LLC markets the Bumble app in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 47 of the Complaint.

48.     To the extent Paragraph 48 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     To the extent Paragraph 49 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     To the extent Paragraph 50 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     To the extent Paragraph 51 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     To the extent Paragraph 52 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 52 of the Complaint.

53.     To the extent Paragraph 53 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     To the extent Paragraph 54 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     To the extent Paragraph 55 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     To the extent Paragraph 56 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 56 of the Complaint.

### D.     ALLEGED INFRINGEMENT OF '397 PATENT

57.     Defendants admit Wireless Discovery attaches to its Complaint a copy of a document that appears to be U.S. Patent No. 10,334,397 ("the '397 patent").  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57, and therefore deny them.

58.     Defendants admit the Abstract of the '397 patent attached to the Complaint recites the quoted language, except the Abstract as it appears on the attached '397 patent begins "*A* server…" (emphasis added).

59.     To the extent Paragraph 59 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

60.     To the extent Paragraph 60 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that Bumble Trading LLC markets the Bumble app in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

61.     To the extent Paragraph 61 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     To the extent Paragraph 62 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     To the extent Paragraph 63 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     To the extent Paragraph 64 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     To the extent Paragraph 65 of the Complaint implicates legal conclusions, no response is require.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

66.     To the extent Paragraph 66 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     To the extent Paragraph 67 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     To the extent Paragraph 68 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     To the extent Paragraph 69 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 69 of the Complaint.

## V.     ALLEGED INFRINGEMENT BY THE BADOO APP

### A.     ALLEGED INFRINGEMENT OF '024 PATENT

70.     To the extent Paragraph 70 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 70 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

71.     To the extent Paragraph 71 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Badoo app is available in the United States. To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 71 of the Complaint.

72.     To the extent Paragraph 72 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     To the extent Paragraph 73 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     To the extent Paragraph 74 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     To the extent Paragraph 75 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     To the extent Paragraph 76 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 76 of the Complaint.

77.     To the extent Paragraph 77 of the Complaint implicates legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 77 of the Complaint.

78.     To the extent Paragraph 78 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     To the extent Paragraph 79 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 79 of the Complaint.

**B.     ALLEGED INFRINGEMENT OF '875 PATENT**

80.     To the extent Paragraph 80 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 80 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

81.     To the extent Paragraph 81 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Badoo app is available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 81 of the Complaint.

82.     To the extent Paragraph 82 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     To the extent Paragraph 83 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     To the extent Paragraph 84 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     To the extent Paragraph 85 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     To the extent Paragraph 86 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 86 of the Complaint.

87.     To the extent Paragraph 87 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 87 of the Complaint.

88.     To the extent Paragraph 88 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     To the extent Paragraph 89 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89 of the Complaint.

**C.     ALLEGED INFRINGEMENT OF '267 PATENT**

90.     To the extent Paragraph 90 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 90 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

91.     To the extent Paragraph 91 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Badoo app is available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 91 of the Complaint.

92.     To the extent Paragraph 92 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     To the extent Paragraph 93 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     To the extent Paragraph 94 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     To the extent Paragraph 95of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     To the extent Paragraph 96 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     To the extent Paragraph 97 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 97 of the Complaint.

98.     To the extent Paragraph 98 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     To the extent Paragraph 99 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 99 of the Complaint.

### D.     ALLEGED INFRINGEMENT OF '397 PATENT

100.     To the extent Paragraph 100 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in

Paragraph 100 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

101.     To the extent Paragraph 101 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Badoo app is available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 101 of the Complaint.

102.     To the extent Paragraph 102 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 102 of the Complaint.

103.     To the extent Paragraph 103 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 103 of the Complaint.

104.     To the extent Paragraph 104 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 104 of the Complaint.

105.     To the extent Paragraph 105 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 105 of the Complaint.

106.     To the extent Paragraph 106 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 106 of the Complaint.

107.    To the extent Paragraph 107 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 107 of the Complaint.

108.    To the extent Paragraph 108 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    To the extent Paragraph 109 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 109 of the Complaint.

## VI.    ALLEGED INFRINGEMENT BY THE CHAPPY APP

### A.    ALLEGED INFRINGEMENT OF THE '024 PATENT

110.    To the extent Paragraph 10 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 110 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

111.    To the extent Paragraph 111 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Chappy app was previously available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 111 of the Complaint.

112.    To the extent Paragraph 112 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112 of the Complaint.

113.     To the extent Paragraph 113 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 113 of the Complaint.

114.     To the extent Paragraph 114 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 114 of the Complaint.

115.     To the extent Paragraph 115 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 115 of the Complaint.

116.     To the extent Paragraph 116 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 116 of the Complaint.

117.     To the extent Paragraph 117 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 117 of the Complaint.

118.     To the extent Paragraph 118 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 118 of the Complaint.

119.     To the extent Paragraph 119 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 119 of the Complaint.

120.    To the extent Paragraph 120 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 120 of the Complaint.

### B.    ALLEGED INFRINGEMENT OF THE '875 PATENT

121.    To the extent Paragraph 121 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 121 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

122.    To the extent Paragraph 122 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Chappy app was previously available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 122 of the Complaint.

123.    To the extent Paragraph 123 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 123 of the Complaint.

124.    To the extent Paragraph 124 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 124 of the Complaint.

125.    To the extent Paragraph 125 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 125 of the Complaint.

126.    To the extent Paragraph 126 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 126 of the Complaint.

127.     To the extent Paragraph 127 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 127 of the Complaint.

128.     To the extent Paragraph 128 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 128 of the Complaint.

129.     To the extent Paragraph 129 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 129 of the Complaint.

130.     To the extent Paragraph 130 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 130 of the Complaint.

131.     To the extent Paragraph 131 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 131 of the Complaint.

### C.     ALLEGED INFRINGEMENT OF THE '267 PATENT

132.     To the extent Paragraph 132 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 132 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

133.     To the extent Paragraph 133 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Chappy app was previously available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 133 of the Complaint.

134.     To the extent Paragraph 134 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 134 of the Complaint.

135.     To the extent Paragraph 135 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 135 of the Complaint.

136.     To the extent Paragraph 136 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 136 of the Complaint.

137.     To the extent Paragraph 137 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 137 of the Complaint.

138.     To the extent Paragraph 138 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 138 of the Complaint.

139.     To the extent Paragraph 139 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 139 of the Complaint.

140.     To the extent Paragraph 140 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 140 of the Complaint.

141.    To the extent Paragraph 141 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    To the extent Paragraph 142 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 142 of the Complaint.

### D.    ALLEGED INFRINGEMENT OF THE '397 PATENT

143.    To the extent Paragraph 143 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 143 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

144.    To the extent Paragraph 144 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Chappy app was previously available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 144 of the Complaint.

145.    To the extent Paragraph 145 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 145 of the Complaint.

146.    To the extent Paragraph 146 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 146 of the Complaint.

147.    To the extent Paragraph 147 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 147 of the Complaint.

148.     To the extent Paragraph 148 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 148 of the Complaint.

149.     To the extent Paragraph 149 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 149 of the Complaint.

150.     To the extent Paragraph 150 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 150 of the Complaint.

151.     To the extent Paragraph 151 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 151 of the Complaint.

152.     To the extent Paragraph 152 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 152 of the Complaint.

153.     To the extent Paragraph 153 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 153 of the Complaint.

## VII.   ALLEGED INFRINGEMENT BY THE LUMEN APP

### A.     ALLEGED INFRINGEMENT OF THE '024 PATENT

154.     To the extent Paragraph 154 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 154 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

24

155.    To the extent Paragraph 155 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Lumen app was previously available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 155 of the Complaint.

156.    To the extent Paragraph 156 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 156 of the Complaint.

157.    To the extent Paragraph 157 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 157 of the Complaint.

158.    To the extent Paragraph 158 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    To the extent Paragraph 159 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 159 of the Complaint.

160.    To the extent Paragraph 160 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 160 of the Complaint.

161.    To the extent Paragraph 161 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    To the extent Paragraph 162 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    To the extent Paragraph 163 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 163 of the Complaint.

164.    To the extent Paragraph 164 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 164 of the Complaint.

**B.    ALLEGED INFRINGEMENT OF THE '875 PATENT**

165.    To the extent Paragraph 165 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 165 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

166.    To the extent Paragraph 166 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Lumen app was previously available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 166 of the Complaint.

167.    To the extent Paragraph 167 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 167 of the Complaint.

168.    To the extent Paragraph 168 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 168 of the Complaint.

169.     To the extent Paragraph 169 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 169 of the Complaint.

170.     To the extent Paragraph 170 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 170 of the Complaint.

171.     To the extent Paragraph 171 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 171 of the Complaint.

172.     To the extent Paragraph 172 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172 of the Complaint.

173.     To the extent Paragraph 173 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 173 of the Complaint.

174.     To the extent Paragraph 174 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 174 of the Complaint.

175.     To the extent Paragraph 175 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 175 of the Complaint.

### C.     ALLEGED INFRINGEMENT OF THE '267 PATENT

176.     To the extent Paragraph 176 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in

Paragraph 176 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

177.    To the extent Paragraph 177 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Lumen app was previously available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 177 of the Complaint.

178.    To the extent Paragraph 178 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 178 of the Complaint.

179.    To the extent Paragraph 179 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 179 of the Complaint.

180.    To the extent Paragraph 180 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 180 of the Complaint.

181.    To the extent Paragraph 181 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 181 of the Complaint.

182.    To the extent Paragraph 182 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 182 of the Complaint.

183.    To the extent Paragraph 183 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 183 of the Complaint.

184.    To the extent Paragraph 184 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 184 of the Complaint.

185.    To the extent Paragraph 185 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 185 of the Complaint.

186.    To the extent Paragraph 186 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 186 of the Complaint.

### D.    ALLEGED INFRINGEMENT OF THE '397 PATENT

187.    To the extent Paragraph 187 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 187 of the Complaint, including that the chart included therein demonstrates any alleged infringement by any of the Defendants.

188.    To the extent Paragraph 188 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants admit that the Lumen app was previously available in the United States.  To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 188 of the Complaint.

189.    To the extent Paragraph 189 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 189 of the Complaint.

190.    To the extent Paragraph 190 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 190 of the Complaint.

191.    To the extent Paragraph 191 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 191 of the Complaint.

192.    To the extent Paragraph 192 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 192 of the Complaint.

193.    To the extent Paragraph 193 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 193 of the Complaint.

194.    To the extent Paragraph 194 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, of the Complaint implicates legal conclusions, no response is required.  Defendants deny the remaining Defendants deny the allegations in Paragraph 194 of the Complaint.

195.    To the extent Paragraph 195 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 195 of the Complaint.

196.    To the extent Paragraph 196 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 196 of the Complaint.

197.    To the extent Paragraph 197 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 197 of the Complaint.

### WIRELESS DISCOVERY'S PRAYER FOR RELIEF

Defendants deny that Wireless Discovery is entitled to any relief sought in its Prayer for Relief or otherwise, and Defendants request that the Court deny all relief to Wireless Discovery and enter judgment in favor of Defendants.

### WIRELESS DISCOVERY'S DEMAND FOR JURY TRIAL

Defendants are not required to provide a response to Wireless Discovery's request for a trial by jury.

********

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Defendants deny them.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation, or prejudice, hereby assert the Affirmative Defenses listed below.  Defendants reserve the right to amend this Answer to add Affirmative Defenses, including any defenses currently unknown to Defendants, as they become known throughout the course of discovery in this action.  Assertion of a defense is not a concession that Defendants have the burden of proving the matter asserted.

### First Affirmative Defense
**(Non-Infringement)**

198.    Defendants do not and have not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by

inducement)), any valid and enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and have not committed any acts in violation of 35 U.S.C. § 271.

## Second Affirmative Defense
### (Invalidity)

199.    Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## Third Affirmative Defense
### (Prosecution History Estoppel)

200.    Wireless Discovery's attempted enforcement of the Asserted Patents against Bumble is barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the asserted patents.

## Fourth Affirmative Defense
### (Equitable Defenses)

201.    Wireless Discovery's claims are barred, in whole or in part, by equitable doctrines including the doctrines of waiver, acquiescence, unclean hands, and/or equitable estoppel.

## Fifth Affirmative Defense
### (Effect of Reissue under 35 U.S.C. § 252/307)

202.    Wireless Discovery's claims are limited or barred by operation of 35 U.S.C. §§ 252 and 307(b).

## Sixth Affirmative Defense
### (Failure to State a Claim)

203.    Wireless Discovery's Complaint fails to state a claim upon which relief can be granted.

**Seventh Affirmative Defense**
**(No Willful Infringement)**

204.    Wireless Discovery is not entitled to enhanced damages under 35 U.S.C. § 284 because Bumble has not intentionally, willfully, or deliberately infringed any claim of the Asserted Patents, or acted with egregious conduct.

**Eighth Affirmative Defense**
**(No Exceptional case)**

205.    Wireless Discovery is not entitled to attorneys' fees under 35 U.S.C. § 285 because this is not an exceptional case.

**Ninth Affirmative Defense**
**(Failure to Mark)**

206.    To the extent Wireless Discovery and/or any predecessors in interest or any licensees to the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Defendants' actions allegedly infringe the Asserted Patents, Defendants are not liable to Wireless Discovery for the acts alleged to have been performed before Defendants received actual notice that the accused products were allegedly infringing the Asserted Patents.

**Tenth Affirmative Defense**
**(No Injunctive Relief)**

207.    Wireless Discovery's request for injunctive relief is barred because there exists an adequate remedy at law, and Wireless Discovery's claims otherwise fail to meet the requirements for such relief.

Date:  January 7, 2021                          Respectfully submitted,

                                        By:     FISH & RICHARDSON P.C.

                                                /s/Noah C. Graubart
                                                Noah C. Graubart
                                                GA Bar No. 141862
                                                graubart@fr.com
                                                Ashley A. Bolt
                                                GA Bar No. 231197
                                                bolt@fr.com
                                                FISH & RICHARDSON, P.C.
                                                1180 Peachtree St. NE, Fl. 21
                                                Atlanta, GA 30309
                                                Telephone: (404) 892-5005

                                                Betty Chen
                                                TX Bar No. 24056720
                                                bchen@fr.com
                                                FISH & RICHARDSON, P.C.
                                                One Congress Plaza
                                                111 Congress Avenue, Suite 810
                                                Austin, TX 78701
                                                Telephone: (512) 472-5070

                                                **COUNSEL FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 7, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Noah C. Graubart*
Noah C. Graubart
